## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/DTS) |
| This Document Relates To: ALL COMMERCIAL INDIRECT PURCHASER ACTIONS<br><br>Member Case Nos.:<br><br>0:24-cv-00959<br>0:24-cv-00966<br>0:24-cv-00970<br>0:24-cv-01017<br>0:24-cv-01047<br>0:24-cv-01122<br>0:24-cv-01232<br>0:24-cv-01292<br>0:24-cv-01560<br>0:24-cv-01654<br>0:24-cv-01812<br>0:24-cv-01992<br>0:24-cv-02338<br>0:24-cv-02349 | **AMERICAN SUGAR REFINING, INC., DOMINO FOODS, INC., AND ASR GROUP INTERNATIONAL, INC.'S ANSWER TO COMMERCIAL INDIRECT PURCHASER PLAINTIFFS' SHORT-FORM CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendants American Sugar Refining, Inc. ("ASR"), Domino Foods, Inc. ("Domino"), and ASR Group International, Inc. ("ASRGI"), by and through their undersigned counsel, submit their answer and affirmative defenses to Commercial Indirect Purchaser Plaintiffs' Short-Form Consolidated Class Action Complaint (the "Commercial IPP Complaint"), filed on March 14, 2025 (ECF No. 342), as follows:[1]

## GENERAL ANSWER

ASR, Domino, and ASRGI deny each and every allegation in the Commercial IPP Complaint except for those allegations that are expressly admitted herein. ASR, Domino, and ASRGI incorporate into each response a denial of any allegations in the Commercial IPP Complaint to the extent such allegations assert or suggest that ASR, Domino, and ASRGI committed any wrongdoing. ASR, Domino, and ASRGI respond only to allegations directed at ASR, Domino, or ASRGI, and not to allegations that are directed to other defendants or non-parties. Except as noted herein, ASR, Domino, and ASRGI lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents, non-public statements, commercial plans, or intentions of companies other than ASR, Domino, and ASRGI, and deny any such allegations. ASR, Domino, and ASRGI further deny that the headings, footnotes, graphs/charts, or other non-numbered statements in the Commercial IPP Complaint constitute allegations of fact, and ASR, Domino, and ASRGI deny them to the extent they

---

[1] ASR, Domino, and ASRGI are separately answering the Master Consolidated Complaint and Direct Purchaser Plaintiffs and Consumer Indirect Purchaser Plaintiffs' Short-Form Complaints, and incorporate by reference into this answer their responses to those complaints.

are considered as such. ASR, Domino, and ASRGI further deny that Plaintiffs are entitled to the relief requested or any other relief. To the extent an allegation in the Commercial IPP Complaint is admitted herein, it is not an admission that ASR, Domino, or ASRGI knew the particular fact at the time of the events at issue in this action. ASR, Domino, and ASRGI reserve the right to amend and/or supplement this Answer.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS

The allegations in Plaintiffs' preamble are Plaintiffs' characterization of their claims and/or legal conclusions, and therefore do not require a response. To the extent a response is required, ASR, Domino, and ASRGI admit that Plaintiffs have filed a purported class action complaint under federal antitrust law. ASR, Domino, and ASRGI deny that they have engaged in any wrongdoing and deny the conspiracy alleged in the Complaint. ASR, Domino, and ASRGI further deny that Imperial Sugar Co. n/k/a United States Sugar Savannah Refinery, LLC, Louis Dreyfus Company LLC, and Michigan Sugar Company are Defendants in this case. The Court granted those companies' motions to dismiss and they are no longer parties. *See* ECF No. 471 at 35. To the extent the term "Defendants" is used in this Answer, it includes only those Defendants that remain in the case after the Court's Order on Defendants' Motion to Dismiss. *See id.*

1. Paragraph 1 characterizes the Court's PTO 7, and no response is required. ASR, Domino, and ASRGI respectfully refer the Court to the source referenced by Plaintiffs for the contents of that source. To the extent a response is required, ASR, Domino, and ASRGI admit that Plaintiffs submitted the MCC on February 27, 2025, and deny any remaining allegations in Paragraph 1.

2

2.      ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 2 as if fully set forth herein.

3.      ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 3 as if fully set forth herein.

4.      Paragraph 4 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 4 and therefore deny them.

5.      Paragraph 5 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 5 and therefore deny them.

6.      Paragraph 6 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 6 and therefore deny them.

7.      Paragraph 7 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 7 and therefore deny them.

8.      Paragraph 8 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 8 and therefore deny them.

9.      Paragraph 9 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 9 and therefore deny them.

10.      Paragraph 10 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 10 and therefore deny them.

11.      Paragraph 11 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 11 and therefore deny them.

12.      Paragraph 12 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 12 and therefore deny them.

13.      Paragraph 13 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge

or information sufficient to form a belief as to the truth of any allegations in Paragraph 13 and therefore deny them.

14.    Paragraph 14 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 14 and therefore deny them.

15.    Paragraph 15 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 15 and therefore deny them.

16.    Paragraph 16 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 16 and therefore deny them.

17.    Paragraph 17 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 17 and therefore deny them.

18.    Paragraph 18 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 18 and therefore deny them.

19.    Paragraph 19 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 19 and therefore deny them.

20.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 20 as if fully set forth herein.

21.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 21 as if fully set forth herein.

22.    Paragraph 22 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 22.

23.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 23 as if fully set forth herein.

24.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 24 as if fully set forth herein.

25.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 25 as if fully set forth herein.

26.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 26 as if fully set forth herein.

27.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 27 as if fully set forth herein.

28.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 28 as if fully set forth herein.

29.    ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 29 as if fully set forth herein.

30.    ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them.

31.    ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them.

32.    Paragraph 32 purports to state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 32 relate to other Defendants or third parties, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them. To the extent a response is required, ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 32.

33.     Paragraph 33 purports to state legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 33 relate to other Defendants or third parties, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them. To the extent a response is required, ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 33.

34.     Paragraph 34 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 34.

35.     ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 35.

36.     ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 36, and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 36.

37.     Paragraph 37 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 37.

38.     Paragraph 38 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 38.

39.    Paragraph 39 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the remaining allegations in Paragraph 39.

40.    Paragraph 40 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 40.

41.    Paragraph 41 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 41 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 41.

42.    Paragraph 42 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 42 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 42.

43.    Paragraph 43 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 43 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 43.

44.     Paragraph 44 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 44 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 44.

45.     Paragraph 45 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 45 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 45.

46.     Plaintiffs' request for injunctive relief was dismissed by the Court's October 15, 2025 order.  In addition, Paragraph 46 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 46.

47.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs referenced in Paragraph 47 above as if fully set forth herein.

48.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs referenced in Paragraph 48 above as if fully set forth herein.

49.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs above as if fully set forth herein.

50.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the MCC Paragraphs referenced in Paragraph 50 above as if fully set forth herein.

51.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs above as if fully set forth herein.

52.     Paragraph 52 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 52 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 52.

53.     Paragraph 53 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 53 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 53.

54.     Paragraph 54 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 54 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 54.

55.     Paragraph 55 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 55.

56.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs above as if fully set forth herein.

57.     Paragraph 57 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 57 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 57.

58.     Paragraph 58 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 58 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 58.

59.     Paragraph 59 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 59 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 59.

60.     Paragraph 60 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 60.

61.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs above as if fully set forth herein.

62.     Paragraph 62 purports to state legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order.  ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 62 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 62.

63.     Paragraph 63 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 63 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 63.

64.     Paragraph 64 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 64 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 64.

65.     Paragraph 65 purports to state legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order.  ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 65 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 65.

66.     Paragraph 66 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 66.

67.     ASR, Domino, and ASRGI incorporate by reference and restate the responses to each of the Paragraphs above as if fully set forth herein.

68.     Paragraph 68 consists of Plaintiffs' characterization of their purported claims and allegations, to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny the allegations in Paragraph 68.

69.     Paragraph 69 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 69 and therefore deny them.  ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 69.

70.     Paragraph 70 purports to state legal conclusions to which no response is required.  To the extent a response is required, ASR, Domino, and ASRGI deny knowledge

14

or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 70 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 70.

71.    Paragraph 71 purports to state legal conclusions to which no response is required. To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 71 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 71.

72.    Paragraph 72 purports to state legal conclusions to which no response is required. To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 72 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 72.

73.    Paragraph 73 purports to state legal conclusions to which no response is required. To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 73 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 73.

74.    Paragraph 74 purports to state legal conclusions to which no response is required. To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other

Defendants in Paragraph 74 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 74.

75.    Paragraph 75 purports to state legal conclusions to which no response is required. To the extent a response is required, Plaintiffs' unjust enrichment claims under Ohio and Indiana law were dismissed by the Court's October 15, 2025 order. ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in Paragraph 75 and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in Paragraph 75.

76.    The allegations in Plaintiffs' Prayer for Relief are requests for relief to which no response is required. To the extent that a response is required, ASR, Domino, and ASRGI deny that the Commercial IPPs are entitled to any relief, and state that judgment should be entered in favor of Defendants.

77.    The allegations in Plaintiffs' Demand for Jury Trial purports to state legal conclusions to which no response is required. To the extent that a response is required, ASR, Domino, and ASRGI deny the allegations in the Demand for Jury Trial.

78.    The Addendum purports to state legal conclusions to which no response is required. To the extent a response is required, ASR, Domino, and ASRGI deny knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants in the Addendum and therefore deny them. ASR, Domino, and ASRGI deny any remaining allegations in the Addendum.

## ASR, DOMINO, AND ASRGI'S AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(b) and (c), and without assuming the burden of proof that they would otherwise not bear under applicable law, ASR, Domino, and ASRGI incorporate by reference and restate the affirmative defenses stated in their answer to the Master Consolidated Complaint as if fully set forth herein.

## RESERVATION

ASR, Domino, and ASRGI have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely upon other applicable defenses that may become available or known to them throughout the course of this action. ASR, Domino, and ASRGI reserve the right to amend or seek to amend their answer and/or defenses.

## PRAYER FOR RELIEF

WHEREFORE, ASR, Domino, and ASRGI respectfully request that judgment be entered in favor of ASR, Domino, ASRGI, and the other Defendants and against Plaintiffs, dismissing the Commercial IPP Complaint in its entirety with prejudice. ASR, Domino, and ASRGI further request that this Court (i) award ASR, Domino, and ASRGI their costs and disbursements, and (ii) award such other and further relief as the Court deems just and proper.

Dated: December 12, 2025                    */s/ Djordje Petkoski*

Djordje Petkoski
Paul D. Brachman
Amelia Rasmussen
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
dpetkoski@paulweiss.com
pbrachman@paulweiss.com
mrasmussen@paulweiss.com

Katherine B. Forrest
Matthew A. Robinson
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
mrobinson@paulweiss.com

***Counsel for Defendants ASR Group
International, Inc, American Sugar Refining,
Inc., and Domino Foods, Inc., and Defendants'
Steering Committee Member***