## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR<br><br>ANTITRUST LITIGATION | MDL No. 24-3110 (JWB/DTS) |
| This Documents Relates To:<br><br>ALL COMMERCIAL INDIRECT<br>PURCHASER ACTIONS<br><br>0:24-cv-00959<br>0:24-cv-00966<br>0:24-cv-00970<br>0:24-cv-01017<br>0:24-cv-01047<br>0:24-cv-01122<br>0:24-cv-01232<br>0:24-cv-01292<br>0:24-cv-01560<br>0:24-cv-01654<br>0:24-cv-01812<br>0:24-cv-01992<br>0:24-cv-02338<br>0:24-cv-02349 | **DEFENDANTS COMMODITY INFORMATION, INC. AND RICHARD WISTISEN'S ANSWER TO COMMERCIAL INDIRECT PURCHASER PLAINTIFFS' SHORT FORM COMPLAINT** |

Defendants Commodity Information, Inc. ("Commodity") and Richard Wistisen ("Wistisen," together with Commodity, "Mr. Wistisen and Commodity") respond as

1

follows to the allegations set forth in Commercial Indirect Purchaser Plaintiffs' Short Form Complaint (the "Complaint"), filed on March 14, 2025 (ECF No. 342):[1]

## **GENERAL ANSWER**

Mr. Wistisen and Commodity deny each and every allegation in the Complaint except to the extent expressly admitted herein. Mr. Wistisen and Commodity incorporate into each response a denial of any allegation to the extent it asserts or implies that either Commodity or Mr. Wistisen engaged in wrongdoing, violated any law, or participated in any conspiracy or unlawful information exchange. Mr. Wistisen and Commodity intend to respond only to allegations directed at them and not to allegations directed at other defendants or non-parties. Except as noted herein, Mr. Wistisen and Commodity lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements in internal documents, non-public statements, commercial plans, or intentions of companies or persons other than Mr. Wistisen and Commodity and, on that basis, deny them. Mr. Wistisen and Commodity further deny that headings, footnotes, charts, graphs, images, or other non-numbered material in the Complaint constitute allegations of fact and, to the extent they are considered allegations, deny them. Mr. Wistisen and Commodity deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever. To the extent any allegation is admitted herein, such admission is not an

---

[1] Mr. Wistisen and Commodity are separately answering the Consumer Indirect Purchaser Plaintiffs, Direct Purchaser Plaintiffs, and Master Consolidated Complaints, and incorporate by reference into this answer their responses to those complaints.

admission that Mr. Wistisen and Commodity had contemporaneous knowledge of the fact at the time of the events at issue. Mr. Wistisen and Commodity reserve the right to amend and/or supplement this Answer.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS

The allegations in the Complaint's introduction are legal conclusions and Plaintiffs' characterizations and therefore require no response. To the extent a response is required, the Mr. Wistisen and Commodity admit that Plaintiffs purport to bring claims under the Sherman Act and various state laws against Defendants. Mr. Wistisen and Commodity deny that they engaged in any wrongdoing and deny the existence of any conspiracy or unlawful information exchange.

## I. RELEVANT BACKGROUND

1. <u>ANSWER:</u>  Mr. Wistisen and Commodity admit the Court entered Pretrial Order No. 7, requiring the filing of consolidated and short form Complaints by Consumer and other Plaintiffs, but generally denies the allegations contained in each respective Complaint.

## II.  NATURE OF THE ACTION

2. <u>ANSWER:</u>  Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

### III. PARTIES

**A. Plaintiffs**

3.  ANSWER:  Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

4.  ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity deny the conspiracy alleged in the Complaint and deny the allegations in this Paragraph.

5.  ANSWER:  The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

6.  ANSWER:  The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

7.  ANSWER:  The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

8. <u>ANSWER:</u>  The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

9. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

10. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

11. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

12. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

13. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity

lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

14. ANSWER: The allegations in this Paragraph are legal and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

15. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

16. ANSWER: The allegations in this Paragraph are legal conclusions therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

17. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

18. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

19. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

**B. Defendants**

20. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

## IV.    JURISDICTION, VENUE, AND COMMERCE

21. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

22. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions, and therefore no response is required. To the extent a response is required, Mr. Wistisen and Commodity admit that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over certain claims under the Sherman Act but otherwise denies the allegations in this Paragraph.

## V. FACTUAL ALLEGATIONS

23. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

24. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

25. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

26. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

27. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

28. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

29. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

30. <u>ANSWER:</u> Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

31. <u>ANSWER:</u> Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

32. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

33. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

34. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

35. <u>ANSWER:</u> Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

## VI. **LIMITATIONS AND TOLLING**

36. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the MCC Paragraphs referenced in this Paragraph as if set forth fully herein.

## VII. **CLASS ALLEGATIONS**

37. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and Plaintiffs' characterization of their claims and therefore do not require a response.  To the extent

a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

38. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

39. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

40. <u>ANSWER:</u> The allegations in this Paragraph are legal and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

41. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

42. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

10

43. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

44. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

45. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

46. ANSWER: The Commercial Plaintiffs' request for injunctive relief was dismissed by the Court's October 15, 2025 order. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

### VIII. CLAIMS FOR RELIEF

### COUNT 1

47. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

48. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

## COUNT II

49. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

50. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

## COUNT III

51. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

52. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

53. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

54. <u>ANSWER:</u> The allegations in this Paragraph are legal and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

55. <u>ANSWER:</u> The allegations in this Paragraph are Plaintiffs' characterization of their claims and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

**COUNT IV.**

56. <u>ANSWER:</u> Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

57. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

58. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

59. <u>ANSWER:</u> The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, Mr. Wistisen and Commodity

lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

60. ANSWER: The allegations in this Paragraph are Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

## COUNT V

61. ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

62. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, the Commercial Plaintiffs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order. Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

63. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

64. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity

lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

65. ANSWER: The allegations in this Paragraph are legal conclusions and Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, the Commercial Plaintiffs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order. Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

66. ANSWER: The allegations in this Paragraph are Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

**COUNT VI**

67.  ANSWER: Mr. Wistisen and Commodity incorporate by reference and restate each of its responses to each of the preceding Paragraphs referenced in this Paragraph as if set forth fully herein.

68.  ANSWER: The allegations in this Paragraph are Plaintiffs' characterization of their claims and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

69. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

70. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

71. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

72. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

73. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

74. ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, Mr. Wistisen and Commodity

lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore denies them.

75.  ANSWER: The allegations in this Paragraph are legal conclusions and therefore do not require a response.  To the extent a response is required, the Commercial Plaintiffs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order. Mr. Wistisen and Commodity lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny them.

76. ANSWER: The allegations in Consumer Plaintiffs' Prayer for Relief are requests for relief to which no response is required. To the extent a response is required, Mr. Wistisen and Commodity deny that Consumer Plaintiffs are entitled to any relief and state that judgment should be entered in favor of Defendants.

77. ANSWER: The allegations in the Consumer Plaintiffs' Demand for Jury Trial purports to state legal conclusions for which no response is required.  To the extent that a response is required, ASR, Domino, and ASRGI deny the allegations in the Demand for Jury Trial.

### MR. WISTISEN AND COMMODITY' AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(b) and (c), and without assuming the burden of proof that it would otherwise not bear under applicable law, Mr. Wistisen and Commodity incorporate by reference and restate the affirmative defenses stated in their answer to the MCC as if set forth fully herein.

17

## RESERVATION

Mr. Wistisen and Commodity have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely upon other applicable defenses that may become available or known to them throughout the course of this action. Mr. Wistisen and Commodity reserve the right to amend or seek to amend its answer and/or defenses.

**WHEREFORE** Mr. Wistisen and Commodity request the claims for relief in the DPP short form complaint be dismissed and that DPP Plaintiffs take nothing thereby, for Mr. Wistisen and Commodity's costs and attorneys' fees incurred herein, and for all other relief to which it may be entitled.

Respectfully submitted,

Dated: December 12, 2025

By:    _/s/ Christopher Plumlee_____
Christopher D. Plumlee (AR Bar #96154)
Wendy L. Johnson (AR Bar #94067)
**RMP LLP**
5519 Hackett Street, Suite 300
Springdale, Arkansas 72762
Phone:        (479) 443-2705
Fax:    (479) 443-2718
cplumlee@rmp.law
wjohnson@rmp.law

*Counsel for Defendants Richard Wistisen &*
*Commodity Information, Inc.*

18