UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-03110 (JWB/DTS)<br><br>**DEFENDANT UNITED SUGAR PRODUCERS & REFINERS COOPERATIVE'S ANSWER TO COMMERCIAL INDIRECT PURCHASER PLAINTIFFS' SHORT-FORM CONSOLIDATED CLASS ACTION COMPLAINT** |
| This Document Relates to:<br><br>ALL COMMERCIAL INDIRECT PURCHASER ACTIONS<br><br>0:24-cv-00959<br>0:24-cv-00966<br>0:24-cv-00970<br>0:24-cv-01017<br>0:24-cv-01047<br>0:24-cv-01122<br>0:24-cv-01232<br>0:24-cv-01292<br>0:24-cv-01560<br>0:24-cv-01654<br>0:24-cv-01812<br>0:24-cv-01992<br>0:24-cv-02338<br>0:24-cv-02349 | |

Defendant United Sugar Producers & Refiners Cooperative ("United") responds as follows to the allegations set forth in the Commercial Indirect Purchaser Plaintiffs' ("CIPPs" or "Plaintiffs") Short Form Consolidated Class Action Complaint (the "Complaint"), filed on March 14, 2025 (ECF No. 342).[1]

**GENERAL ANSWER**

United denies each and every allegation in the Complaint except for those allegations that are expressly admitted herein. United incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that United committed any wrongdoing. United responds only to allegations directed at United, and not to allegations that are directed to other defendants or non-parties. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to other defendants or non-parties, and incorporates into each response a denial of any such allegations. Further, United lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents, non-public statements, commercial plans, or intentions of companies other than United, and denies any such allegations. United further denies that the headings, footnotes, graphs, charts, or other non-numbered statements in the Complaint constitute allegations of fact, and United denies them to the extent they are considered as such. United further denies that Plaintiffs are entitled to the relief requested or any other relief. To the extent an

---

[1] United is separately answering Plaintiffs' Master Consolidated Complaint ("MCC"), as well as the Direct Purchaser Plaintiffs' and Consumer Indirect Purchaser Plaintiffs' Short-Form Complaints, and incorporates by reference into this answer its responses to those complaints.

1

allegation in the Complaint is admitted herein, it is not an admission that United knew the particular fact at the time of the events at issue in this action. United reserves the right to amend and/or supplement this Answer.

### RESPONSES TO COMMERCIAL INDIRECT PURCHASER PLAINTIFFS' ALLEGATIONS

Preamble: The allegations in Plaintiffs' preamble are legal conclusions and therefore do not require a response. To the extent a response is required, United denies that Imperial Sugar Co. n/k/a United States Sugar Savannah Refinery, LLC, Louis Dreyfus Company LLC, and Michigan Sugar Company are Defendants in this case. The Court granted those companies' motions to dismiss, and they are no longer parties. *See* ECF No. 471 at 35. To the extent the term "Defendants" is used in this Answer, it includes only those Defendants that remain in the case after the Court's Order on Defendants' Motion to Dismiss. *See id.* United denies the remaining allegations in this Paragraph.

1. This Paragraph characterizes the Court's January 28, 2025 Pretrial Order, ECF No. 315, and no response is required. To the extent a response is required, United admits that the Court issued Pretrial Order No. 7 and so ordered the IPPs. United further admits that Plaintiffs filed the MCC on February 27, 2025. United denies the remaining allegations in this Paragraph.

2. United incorporates its responses to Section I, Paragraphs 1-13 of the MCC.

3. United incorporates its responses to Section II.A.2, Paragraph 15 of the MCC.

4. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Union LLC d/b/a Union Hospitality Group purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

5. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Piala LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

6. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Pattibakes LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

7. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether WNT, LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

8. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether WNT Farmington LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

9. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Union Public House, LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations this Paragraph.

10. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Natile, Inc. purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

11. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Portland Hunt-Alpine Club, LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

12. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks

knowledge or information sufficient to admit or deny whether Morelos Bakery LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

13. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Up at 4, Inc. purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations this Paragraph.

14. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether Gladys' Restaurant, LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

15. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether SAM Restaurants, Inc. purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

16. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether BW-SS, Inc. purchased

granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

17. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether King Kullen Grocery Co, Inc. purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

18. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether PCA Too, LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

19. United lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this Paragraph and therefore denies them. United lacks knowledge or information sufficient to admit or deny whether The Coffee Bean LLC purchased granulated sugar indirectly from United or other Defendants and therefore denies those allegations. United denies the remaining allegations in this Paragraph.

20. United incorporates its responses to Section II.B, Paragraphs 17-42 of the MCC.

21. United incorporates its responses to Section III, Paragraphs 43-49 of the MCC.

22. The allegations in this Paragraph are legal conclusions, and no response is required. To the extent a response is required, United denies the allegations in this Paragraph.

23. United incorporates its responses to Section IV.A, Paragraphs 50-57 of the MCC.

24. United incorporates its responses to Section IV.B, Paragraphs 58-62 of the MCC.

25. United incorporates its responses to Section IV.C, Paragraphs 63-167 of the MCC.

26. United incorporates its responses to Section IV.D, Paragraphs 168-194 of the MCC.

27. United incorporates its responses to Section IV.E, Paragraphs 195-210 of the MCC.

28. United incorporates its responses to Section IV.F, Paragraphs 211-220 of the MCC.

29. United incorporates its responses to Section IV.G, Paragraphs 221-222 of the MCC.

30. United lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore denies them.

31. United lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore denies them.

32. United denies the allegations in this Paragraph.

33. The allegations in this Paragraph are legal conclusions, and no response is required. To the extent a response is required, United denies the allegations in this Paragraph.

34. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

35. The allegations in this Paragraph are legal conclusions, and no response is required. To the extent a response is required, United denies that it committed any wrongdoing, that it overcharged any CIPP, or that any CIPP is entitled to damages or any other form of relief. United further denies that any expert that the CIPPs have purportedly retained will be able to demonstrate that United overcharged any CIPP. United denies any remaining allegations in this Paragraph.

36. United incorporates its responses to Section V, Paragraphs 223-229 of the MCC.

37. This Paragraph consists of the CIPPs' characterization of their purported claims and allegations, to which no response is required. To the extent a response is required, United denies the allegations in this Paragraph and denies that this action can be maintained as a class action on behalf of the CIPPs.

38. This Paragraph consists of the CIPPs' characterization of their purported claims and allegations, to which no response is required. To the extent a response is required, United denies the allegations in this Paragraph and denies that this action can be maintained as a class action on behalf of the CIPPs.

39. This Paragraph further defines the CIPPs' proposed Nationwide Class and Damages Class and does not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

40. This Paragraph consists of the CIPPs' reservation of rights and does not require a response. To the extent a response is required, United states that it reserves the right to oppose any attempt by the CIPPs to amend their Class definition, including the Class Period.

41. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

42. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

43. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

44. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore denies them.

45. The allegations in this Paragraph are legal conclusions and do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

46. CIPPs' request for injunctive relief was dismissed by the Court's October 15, 2025 order (ECF No. 471). To the extent a response is required, United denies the allegations in this Paragraph.

47. United incorporates its responses to Paragraphs 1 through 46 as set forth above.

48. United incorporates its responses to Count I, Paragraphs 230-236 of the MCC.

49. United incorporates its responses to Paragraphs 1 through 48 as set forth above.

50. United incorporates its responses to Count II, Paragraphs 237-245 of the MCC.

51. United incorporates its responses to Paragraphs 1 through 50 as set forth above.

52. United denies the allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in the second sentence of this Paragraph. United denies any remaining allegations in this Paragraph.

53. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

54. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph. Further, the allegations set forth in the Addendum are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in the Addendum. To the extent this Paragraph or the Addendum purport to reference or quote state consumer protection laws, those laws speak for themselves. To the extent the allegations in this Paragraph or the Addendum do not accurately reflect the law, United denies all such allegations.

55. This Paragraph consists of the CIPPs' characterization of their purported claims and allegations, to which no response is required. To the extent a response is required, United denies the allegations in this Paragraph.

56. United incorporates its responses to Paragraphs 1 through 55 as set forth above.

57. United denies that it engaged in any wrongdoing. The remaining allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

58. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

59. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph. Further, the allegations set forth in the Addendum are legal conclusions

11

and therefore do not require a response. To the extent a response is required, United denies the allegations in the Addendum. To the extent this Paragraph or the Addendum purport to reference or quote state consumer protection laws, those laws speak for themselves. To the extent the allegations in this Paragraph or the Addendum do not accurately reflect the law, United denies all such allegations.

60. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

61. United incorporates its responses to Paragraphs 1 through 60 as set forth above.

62. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, the CIPPs' consumer protection claims under state "deception-based statutes, including those of New York and Oregon, and Vermont," were dismissed by the Court's October 15, 2025 order. Further, the allegations set forth in the Addendum are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in the Addendum. To the extent this Paragraph or the Addendum purport to reference or quote state consumer protection laws, those laws speak for themselves. To the extent the allegations in this Paragraph or the Addendum do not accurately reflect the law, United denies all such allegations. United denies the remaining allegations in this Paragraph.

63. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

64. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

65. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph. Further, the allegations set forth in the Addendum are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in the Addendum. To the extent this Paragraph or the Addendum purport to reference or quote state consumer protection laws, those laws speak for themselves. To the extent the allegations in this Paragraph or the Addendum do not accurately reflect the law, United denies all such allegations.

66. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

67. United incorporates its responses to Paragraphs 1 through 66 as set forth above.

68. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

69. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

70. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

71. United denies the allegations in this Paragraph.

72. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

73. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

74. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph.

75. The allegations in this Paragraph are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in this Paragraph. Further, the allegations set forth in the Addendum are legal conclusions and therefore do not require a response. To the extent a response is required, United denies the allegations in the Addendum. To the extent this Paragraph or the Addendum purport to reference or quote state laws or the common law, those laws speak for themselves. To

the extent the allegations in this Paragraph or the Addendum do not accurately reflect the law, United denies all such allegations.

Prayer for Relief: The allegations in Plaintiffs' Prayer for Relief are requests for relief to which no response is required. To the extent a response is required, United denies that the CIPPs are entitled to any relief.

Demand for Jury Trial: There are no factual allegations in Plaintiffs' Demand for Jury Trial, and no response is required. To the extent a response is required, United denies the allegations in this Paragraph.

## UNITED'S AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(b) and (c), and without assuming the burden of proof that it would otherwise not bear under applicable law, United incorporates by reference and restates the affirmative defenses stated in its answer to the MCC as if fully set forth herein.

## RESERVATION

United has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or known to it throughout the course of this action. United reserves the right to amend or seek to amend its answer and/or defenses.

## PRAYER FOR RELIEF

WHEREFORE, United respectfully requests that judgment be entered in favor of United and the other Defendants and against Plaintiffs, dismissing the CIPPs' Complaint

in its entirety with prejudice.  United further requests that this Court (i) award United its costs and disbursements, and (ii) award such other and further relief as the Court deems just and proper.

Dated: December 12, 2025                    Respectfully Submitted,

By: */s/ Lawrence E. Buterman*
Lawrence E. Buterman (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York, 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Elyse M. Greenwald (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501
elyse.greenwald@lw.com

Matthew J. Piehl (#0395942)
David L. Johnson (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2154
Facsimile: (202) 637-2201
matthew.piehl@lw.com
david.johnson@lw.com
chris.brown@lw.com

***Counsel for Defendant United Sugar Producers & Refiners Cooperative, and Defendants' Lead Counsel and Liaison Counsel***