**ADDENDUM**

**Table 1: State-Specific Allegations Supporting Count III Violation of State Antitrust Laws—Unlawful Price Fixing**

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Alabama**<br><br>Ala. Code § 6-5-60, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Ala. Code § 6-5-60 with respect to purchases of Granulated Sugar in Alabama by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Alabama at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Alabama; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Alabama; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Alabama commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were | Damages (to be trebled as permitted by Alabama's antitrust law), statutory damages. Ala. Code § 6-5-60. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Ala. Code § 6-5-60. | |
| **Arizona**<br><br>Ariz. Rev. Stat. Ann. § 44-1402, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Ariz. Rev. Stat. Ann. § 44-1402 with respect to purchases of Granulated Sugar in Arizona by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Arizona at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Arizona; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Arizona; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages | Damages (to be trebled as permitted by Arizona's antitrust law), costs, attorneys' fees. Ariz. Rev. Stat. Ann. § 44-1408. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Arizona commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Ariz. Rev. Stat. Ann. § 44-1402. | |
| **California**<br><br>Cal. Bus. & Prof. Code § 16720, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Cal. Bus. & Prof. Code § 16720 with respect to purchases of Granulated Sugar in California by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in California at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in California; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, | Damages (to be trebled as permitted by California's antitrust law), costs, attorneys' fees. Cal. Bus. & Prof. Code § 16750. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout California; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected California commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Cal. Bus. & Prof. Code § 16720. | |
| **Colorado**<br><br>Colo. Rev. Stat. § 6-4-104, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Colo. Rev. Stat. § 6-4-104 with respect to purchases of Granulated Sugar in Colorado by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Colorado at the time of their purchase. | Damages (to be trebled as permitted by Colorado's antitrust law), expert fees, costs, attorneys' |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Colorado; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Colorado; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Colorado commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Colo. Rev. Stat. § 6-4-104. | fees. Colo. Rev. Stat. § 6-4-115. |
| **Connecticut** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Conn. Gen. Stat. § 35-26 with respect to purchases of Granulated Sugar in Connecticut by | Damages (to be trebled as permitted by Connecticut's |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Conn. Gen. Stat. § 35-26, *et seq*. | | Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Connecticut at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Connecticut; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Connecticut; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Connecticut commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are | antitrust law), costs, attorneys' fees. Conn. Gen. Stat. § 35-35. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Conn. Gen. Stat. § 35-26. | |
| **Delaware**<br><br>Del. Code Ann. tit. 6, § 2103, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Del. Code Ann. tit. 6, § 2103 with respect to purchases of Granulated Sugar in Delaware by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Delaware at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Delaware; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Delaware; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Delaware commerce. | Damages, costs, expert witness fees, attorneys' fees. Del. Code Ann. tit. 6, § 2108. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Del. Code Ann. tit. 6, § 2103. | |
| **District of Columbia**<br><br>D.C. Code § 28-4502, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of D.C. Code § 28-4502 with respect to purchases of Granulated Sugar in the District of Columbia by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in the District of Columbia at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in the District of Columbia; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout the District of Columbia; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; | Damages (to be trebled as permitted by the District of Columbia's antitrust law), costs, attorneys' fees. D.C. Code § 28-4508. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected the District of Columbia's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under D.C. Code § 28-4502. | |
| **Hawaii**<br><br>Haw. Rev. Stat. Ann. § 480-4, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Haw. Rev. Stat. Ann. § 480-4 with respect to purchases of Granulated Sugar in Hawaii by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Hawaii at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Hawaii; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non- | Damages (to be trebled as permitted by Hawaii's antitrust law), costs, attorneys' fees. Haw. Rev. Stat. Ann. § 480-13. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competitive levels throughout Hawaii; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Hawaii's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Haw. Rev. Stat. Ann. § 480-4. | |
| **Illinois**<br><br>740 Ill. Comp. Stat. Ann. 10/3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of 740 Ill. Comp. Stat. Ann. 10/3 with respect to purchases of Granulated Sugar in Illinois by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Illinois at the time of their purchase.<br>a. Defendants' combination or conspiracy had the | Damages (to be trebled as permitted by Illinois's antitrust law), costs, attorneys' fees. 740 Ill. Comp. Stat. Ann. 10/7. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Illinois; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Illinois; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Illinois's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 740 Ill. Comp. Stat. Ann. 10/3. | |
| **Iowa** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Iowa Code § 553.4 with | Damages, exemplary damages, costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Iowa Code § 553.4, *et seq.* | | respect to purchases of Granulated Sugar in Iowa by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Iowa at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Iowa; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Iowa; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Iowa's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of | attorneys' fees. Iowa Code § 553.12. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | relief available under Iowa Code § 553.4. | |
| **Kansas**<br><br>Kan. Stat. Ann. § 50-101, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Kan. Stat. Ann. § 50-101 with respect to purchases of Granulated Sugar in Kansas by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Kansas at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Kansas; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Kansas; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Kansas's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are | Damages (to be trebled as permitted by Kansas' antitrust law), costs, attorneys' fees. Kan. Stat. Ann. § 50-161. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Kan. Stat. Ann. § 50-101. | |
| **Maine**<br><br>Me. Rev. Stat. Ann. Tit. 10 § 1101, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Me. Rev. Stat. Ann. Tit. 10 § 1101 with respect to purchases of Granulated Sugar in Maine by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Maine at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Maine; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Maine; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for | Damages (to be trebled as permitted by Maine's antitrust law), costs, investigative costs, expert fees, attorneys' fees. Me. Rev. Stat. Ann. Tit. 10 § 1104. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Maine's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Me. Rev. Stat. Ann. Tit. 10 § 1101. | |
| **Maryland**<br><br>Md. Code, Com. Law § 11-204, *et seq.*, | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Md. Code, Com. Law § 11-204 with respect to purchases of Granulated Sugar in Maryland by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Maryland at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Maryland; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Maryland; (3) | Damages (to be trebled as permitted by Maryland's antitrust law), costs, attorneys' fees. Md. Code, Com. Law § 11-209(b)(2)-(4). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Maryland's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Md. Code, Com. Law § 11-204. | |
| **Michigan**<br><br>Mich. Comp. Laws, § 445.772, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Mich. Comp. Laws, § 445.772 with respect to purchases of Granulated Sugar in Michigan by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Michigan at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price | Damages, costs, attorneys' fees. Mich. Comp. Laws, § 445.778(2). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competition was restrained, suppressed, and/or eliminated in Michigan; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Michigan; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Michigan's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Mich. Comp. Laws, § 445.772. | |
| **Minnesota** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Minn. Stat. § 325D.51 with respect to purchases of Granulated Sugar in Minnesota by | Damages (to be trebled as permitted by Minnesota's antitrust |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Minn. Stat. § 325D.51, *et seq.* | | Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Minnesota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Minnesota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Minnesota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Minnesota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are | law), costs, attorneys' fees. Minn. Stat. § 325D.57. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Minn. Stat. § 325D.51. | |
| **Mississippi**<br><br>Miss. Code § 75-21-1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Miss. Code § 75-21-1 with respect to purchases of Granulated Sugar in Mississippi by Commercial Indirect Purchaser Plaintiffs members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Mississippi at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Mississippi; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Mississippi; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices | Damages, civil penalties. Miss. Code § 75-21-9. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Mississippi's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Miss. Code § 75-21-1. | |
| **Nebraska**<br><br>Neb. Rev. Stat. § 59-801, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Neb. Rev. Stat. § 59-801 with respect to purchases of Granulated Sugar in Nebraska by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Nebraska at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nebraska; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Nebraska; (3) Commercial entities that purchased Granulated Sugar | Damages, costs, attorneys' fees. Neb. Rev. Stat. § 59-821. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Nebraska's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Neb. Rev. Stat. § 59-801. | |
| **Nevada**<br><br>Nev. Rev. Stat. § 598A.060, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Nev. Rev. Stat. § 598A.060 with respect to purchases of Granulated Sugar in Nevada by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Nevada at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nevada; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, | Damages (to be trebled as permitted by Nevada's antitrust law), costs, attorneys' fees. Nev. Rev. Stat. § 598A.210. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | maintained, or stabilized to or at artificially high, non-competitive levels throughout Nevada; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Nevada's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Nev. Rev. Stat. § 598A.060. | |
| **New Hampshire**<br><br>N.H. Rev. Stat. § 356:2, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.H. Rev. Stat. § 356:2 with respect to purchases of Granulated Sugar in New Hampshire by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in New Hampshire at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price | Damages (to be trebled as permitted by New Hampshire's antitrust law), costs, attorneys' fees. N.H. Rev. Stat. § 356:11. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competition was restrained, suppressed, and/or eliminated in New Hampshire; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Hampshire; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Hampshire's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.H. Rev. Stat. § 356:2. | |
| **New Jersey**<br><br>N.J. Stat. Ann. § 56:9-3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.J. Stat. Ann. § 56:9-3 with respect to purchases of Granulated Sugar in New Jersey by members of the Damages Class and/or purchases of | Damages (to be trebled as permitted by New Jersey's antitrust law), costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Granulated Sugar by members of the Damages Class who resided in New Jersey at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New Jersey; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Jersey; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Jersey's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.J. Stat. Ann. § 56:9-3. | attorneys' fees. N.J. Stat. Ann. § 56:9-12(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **New Mexico**<br><br>N.M. Stat. Ann. § 57-1-3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.M. Stat. Ann. § 57-1-3 with respect to purchases of Granulated Sugar in New Mexico by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in New Mexico at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New Mexico; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Mexico; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Mexico's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury. | Damages (to be trebled as permitted by New Mexico's antitrust law), costs, attorneys' fees. N.M. Stat. Ann. § 57-1-3(A). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.M. Stat. Ann. § 57-1-3. | |
| **New York**<br><br>N.Y. Gen. Bus. Law § 340, *et seq*. | Antitrust | Defendants have entered into an unlawful contract, agreement, arrangement, or combination in restraint of trade or commerce in the State of New York in violation of N.Y. Gen. Bus. Law § 340 with respect to purchases of Granulated Sugar in New York by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in New York at the time of their purchase.<br>a. Under N.Y. Gen. Bus. Law § 340(6), indirect purchasers have standing to maintain an action based on the facts alleged in this Complaint.<br><br>b. Defendants' unlawful contract, agreement, arrangement, or combination had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New York; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New York; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of | Damages (to be trebled as permitted by New York's antitrust law), costs, attorneys' fees. N.Y. Gen. Bus. Law § 340(5). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>c. During the Class Period, Defendants' illegal conduct substantially affected New York's commerce.<br>d. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>e. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.Y. Gen. Bus. Law § 340. | |
| **North Carolina**<br><br>N.C. Gen. Stat. § 75-1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.C. Gen. Stat. § 75-1 with respect to purchases of Granulated Sugar in North Carolina by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in North Carolina at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or | Damages (to be trebled as permitted by North Carolina's antitrust law), costs, attorneys' fees. N.C. Gen. Stat. §§ 75-16, 16.1 |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | eliminated in North Carolina; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout North Carolina; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected North Carolina's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.C. Gen. Stat. § 75-1. | |
| **North Dakota** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.D. Cent. Code § 51-08.1-02 with respect to purchases of Granulated Sugar in North Dakota by Commercial Indirect Purchaser Plaintiffs and members of | Damages (to be trebled as permitted by North Dakota's antitrust law), costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| N.D. Cent. Code § 51-08.1-02, *et seq*. | | the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in North Dakota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in North Dakota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout North Dakota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected North Dakota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury. | attorneys' fees. N.D. Cent. Code § 51-08.1-08. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.D. Cent. Code § 51-08.1-02. | |
| **Oregon**<br><br>Or. Rev. Stat. § 646.725, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Or. Rev. Stat. § 646.725 with respect to purchases of Granulated Sugar in Oregon by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Oregon at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Oregon; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Oregon; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Oregon's commerce.<br>c. As a direct and proximate result of Defendants' | Damages (to be trebled as permitted by Oregon's antitrust law), costs, expert fees, attorneys' fees. Or. Rev. Stat. § 646.780(1)(a), (3)(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Or. Rev. Stat. § 646.725. | |
| **Rhode Island**<br><br>R.I. Gen. Laws § 6-36-4, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of R.I. Gen. Laws § 6-36-4 with respect to purchases of Granulated Sugar in Rhode Island by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Rhode Island at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Rhode Island; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Rhode Island; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar. | Damages (to be trebled as permitted by Rhode Island's antitrust law), costs, expert fees, attorneys' fees. R.I. Gen. Laws § 6-36-11(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | b. During the Class Period, Defendants' illegal conduct substantially affected Rhode Island's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under R.I. Gen. Laws § 6-36-4. | |
| **South Dakota**<br><br>S.D. Codified Laws § 37-1-3.1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of S.D. Codified Laws § 37-1-3.1 with respect to purchases of Granulated Sugar in South Dakota by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in South Dakota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in South Dakota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout South Dakota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and | Damages (to be trebled as permitted by South Dakota's antitrust law), costs, expert fees, attorneys' fees. S.D. Codified Laws § 37-1-14.3. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected South Dakota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under S.D. Codified Laws § 37-1-3.1. | |
| **Tennessee**<br><br>Tenn. Code Ann. § 47-25-101, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Tenn. Code Ann. § 47-25-101 with respect to purchases of Granulated Sugar in Tennessee by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Tennessee at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Tennessee; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Tennessee; (3) | Damages. Tenn. Code Ann. § 47-25-106(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Tennessee's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Tenn. Code Ann. § 47-25-101. | |
| **Utah**<br><br>Utah Code Ann. § 76-10-3104, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Utah Code Ann. § 76-10-3104 with respect to purchases of Granulated Sugar in Utah by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Utah at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Utah; (2) Prices for Granulated Sugar sold | Damages (to be trebled as permitted by Utah's antitrust law), costs, attorneys' fees. Utah Code Ann. § 76-10-3109. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Utah; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Utah's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Utah Code Ann. § 76-10-3104. | |
| **Vermont**<br><br>9 Vermont Stat. Ann. § 2453, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of 9 Vermont Stat. Ann. § 2453 with respect to purchases of Granulated Sugar in Vermont by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Vermont at the time of their purchase.<br>a. Defendants' combination or conspiracy had the | Damages, exemplary damages (to be trebled as permitted by Vermont's antitrust law), attorneys' fees. 9 Vermont Stat. Ann. § 2465. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Vermont; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Vermont; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Vermont's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 9 Vermont Stat. Ann. § 2453. | |
| **West Virginia**<br><br>W. Va. Code § 47-18-3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of W. Va. Code § 47-18-3 with respect to purchases of Granulated Sugar in West Virginia by members of the Damages Class and/or purchases of | Damages (to be trebled as permitted by West Virginia's antitrust law), costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Granulated Sugar by members of the Damages Class who resided in West Virginia at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in West Virginia; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout West Virginia; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected West Virginia's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under W. Va. Code § 47-18-3. | attorneys' fees. W. Va. Code § 47-18-9. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Wisconsin**<br><br>Wis. Stat. § 133.03, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Wis. Stat. § 133.03 with respect to purchases of Granulated Sugar in Wisconsin by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Wisconsin at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Wisconsin; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Wisconsin; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Wisconsin's commerce.<br>c. As a direct and proximate result of Defendants' | Damages (to be trebled as permitted by Wisconsin's antitrust law), costs, attorneys' fees. Wis. Stat. § 133.18(1)(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Wis. Stat. § 133.03. | |

**Table 2: State-Specific Allegations Supporting Count IV Violation of State Antitrust Laws—Unlawful Information Exchanges**

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Alabama**<br><br>Ala. Code § 6-5-60, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Ala. Code § 6-5-60 with respect to purchases of Granulated Sugar in Alabama by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Alabama at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Alabama; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Alabama; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Alabama commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are | Damages (to be trebled as permitted by Alabama's antitrust law), statutory damages. Ala. Code § 6-5-60. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Ala. Code § 6-5-60. | |
| **Arizona**<br><br>Ariz. Rev. Stat. Ann. § 44-1402, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Ariz. Rev. Stat. Ann. § 44-1402 with respect to purchases of Granulated Sugar in Arizona by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Arizona at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Arizona; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Arizona; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices | Damages (to be trebled as permitted by Arizona's antitrust law), costs, attorneys' fees. Ariz. Rev. Stat. Ann. § 44-1408. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Arizona commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Ariz. Rev. Stat. Ann. § 44-1402. | |
| **California**<br><br>Cal. Bus. & Prof. Code § 16720, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Cal. Bus. & Prof. Code § 16720 with respect to purchases of Granulated Sugar in California by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in California at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in California; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, | Damages (to be trebled as permitted by California's antitrust law), costs, attorneys' fees. Cal. Bus. & Prof. Code § 16750. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | non-competitive levels throughout California; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected California commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Cal. Bus. & Prof. Code § 16720. | |
| **Colorado**<br><br>Colo. Rev. Stat. § 6-4-104, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Colo. Rev. Stat. § 6-4-104 with respect to purchases of Granulated Sugar in Colorado by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Colorado at the time of their purchase.<br>a. Defendants' combination or conspiracy had the | Damages (to be trebled as permitted by Colorado's antitrust law), expert fees, costs, attorneys' fees. Colo. Rev. Stat. § 6-4-115. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Colorado; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Colorado; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Colorado commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Colo. Rev. Stat. § 6-4-104. | |
| **Connecticut**<br><br>Conn. Gen. Stat. § 35-26, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Conn. Gen. Stat. § 35-26 with respect to purchases of Granulated Sugar in Connecticut by Commercial Indirect Purchaser Plaintiffs and members of the | Damages (to be trebled as permitted by Connecticut's antitrust law), costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Connecticut at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Connecticut; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Connecticut; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Connecticut commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury. | attorneys' fees. Conn. Gen. Stat. § 35-35. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Conn. Gen. Stat. § 35-26. | |
| **Delaware**<br><br>Del. Code Ann. tit. 6, § 2103, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Del. Code Ann. tit. 6, § 2103 with respect to purchases of Granulated Sugar in Delaware by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Delaware at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Delaware; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Delaware; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Delaware commerce.<br>c. As a direct and proximate result of Defendants' | Damages, costs, expert witness fees, attorneys' fees. Del. Code Ann. tit. 6, § 2108. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Del. Code Ann. tit. 6, § 2103. | |
| **District of Columbia**<br><br>D.C. Code § 28-4502, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of D.C. Code § 28-4502 with respect to purchases of Granulated Sugar in the District of Columbia by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in the District of Columbia at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in the District of Columbia; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout the District of Columbia; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra- | Damages (to be trebled as permitted by the District of Columbia's antitrust law), costs, attorneys' fees. D.C. Code § 28-4508. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected the District of Columbia's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under D.C. Code § 28-4502. | |
| **Hawaii**<br><br>Haw. Rev. Stat. Ann. § 480-4, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Haw. Rev. Stat. Ann. § 480-4 with respect to purchases of Granulated Sugar in Hawaii by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Hawaii at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Hawaii; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Hawaii; (3) Commercial | Damages (to be trebled as permitted by Hawaii's antitrust law), costs, attorneys' fees. Haw. Rev. Stat. Ann. § 480-13. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Hawaii's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Haw. Rev. Stat. Ann. § 480-4. | |
| **Illinois**<br><br>740 Ill. Comp. Stat. Ann. 10/3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of 740 Ill. Comp. Stat. Ann. 10/3 with respect to purchases of Granulated Sugar in Illinois by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Illinois at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price | Damages (to be trebled as permitted by Illinois's antitrust law), costs, attorneys' fees. 740 Ill. Comp. Stat. Ann. 10/7. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competition was restrained, suppressed, and/or eliminated in Illinois; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Illinois; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Illinois's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 740 Ill. Comp. Stat. Ann. 10/3. | |
| **Iowa** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Iowa Code § 553.4 with respect to purchases of Granulated Sugar in Iowa by members | Damages, exemplary damages, costs, |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Iowa Code § 553.4, *et seq.* | | of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Iowa at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Iowa; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Iowa; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Iowa's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Iowa Code § 553.4. | attorneys' fees. Iowa Code § 553.12. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Kansas**<br><br>Kan. Stat. Ann. § 50-101, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Kan. Stat. Ann. § 50-101 with respect to purchases of Granulated Sugar in Kansas by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Kansas at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Kansas; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Kansas; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Kansas's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury. | Damages (to be trebled as permitted by Kansas' antitrust law), costs, attorneys' fees. Kan. Stat. Ann. § 50-161. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Kan. Stat. Ann. § 50-101. | |
| **Maine**<br><br>Me. Rev. Stat. Ann. Tit. 10 § 1101, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Me. Rev. Stat. Ann. Tit. 10 § 1101 with respect to purchases of Granulated Sugar in Maine by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Maine at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Maine; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Maine; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar. | Damages (to be trebled as permitted by Maine's antitrust law), costs, investigative costs, expert fees, attorneys' fees. Me. Rev. Stat. Ann. Tit. 10 § 1104. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | b. During the Class Period, Defendants' illegal conduct substantially affected Maine's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Me. Rev. Stat. Ann. Tit. 10 § 1101. | |
| **Maryland**<br><br>Md. Code, Com. Law § 11-204, *et seq.*, | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Md. Code, Com. Law § 11-204 with respect to purchases of Granulated Sugar in Maryland by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Maryland at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Maryland; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Maryland; (3) Commercial entities that purchased Granulated Sugar | Damages (to be trebled as permitted by Maryland's antitrust law), costs, attorneys' fees. Md. Code, Com. Law § 11-209(b)(2)-(4). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Maryland's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Md. Code, Com. Law § 11-204. | |
| **Michigan**<br><br>Mich. Comp. Laws, § 445.772, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Mich. Comp. Laws, § 445.772 with respect to purchases of Granulated Sugar in Michigan by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Michigan at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or | Damages, costs, attorneys' fees. Mich. Comp. Laws, § 445.778(2). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | eliminated in Michigan; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Michigan; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Michigan's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Mich. Comp. Laws, § 445.772. | |
| **Minnesota**<br><br>Minn. Stat. § 325D.51, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Minn. Stat. § 325D.51 with respect to purchases of Granulated Sugar in Minnesota by Commercial Indirect Purchaser Plaintiffs and members of the | Damages (to be trebled as permitted by Minnesota's antitrust law), costs, attorneys' |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Minnesota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Minnesota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Minnesota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Minnesota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury. | fees. Minn. Stat. § 325D.57. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Minn. Stat. § 325D.51. | |
| **Mississippi**<br><br>Miss. Code § 75-21-1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Miss. Code § 75-21-1 with respect to purchases of Granulated Sugar in Mississippi by Commercial Indirect Purchaser Plaintiffs members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Mississippi at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Mississippi; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Mississippi; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar. | Damages, civil penalties. Miss. Code § 75-21-9. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | b. During the Class Period, Defendants' illegal conduct substantially affected Mississippi's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Miss. Code § 75-21-1. | |
| **Nebraska**<br><br>Neb. Rev. Stat. § 59-801, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Neb. Rev. Stat. § 59-801 with respect to purchases of Granulated Sugar in Nebraska by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Nebraska at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nebraska; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Nebraska; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co- | Damages, costs, attorneys' fees. Neb. Rev. Stat. § 59-821. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Nebraska's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Neb. Rev. Stat. § 59-801. | |
| **Nevada**<br><br>Nev. Rev. Stat. § 598A.060, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Nev. Rev. Stat. § 598A.060 with respect to purchases of Granulated Sugar in Nevada by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Nevada at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nevada; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non- | Damages (to be trebled as permitted by Nevada's antitrust law), costs, attorneys' fees. Nev. Rev. Stat. § 598A.210. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competitive levels throughout Nevada; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Nevada's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Nev. Rev. Stat. § 598A.060. | |
| **New Hampshire**<br><br>N.H. Rev. Stat. § 356:2, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.H. Rev. Stat. § 356:2 with respect to purchases of Granulated Sugar in New Hampshire by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in New Hampshire at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or | Damages (to be trebled as permitted by New Hampshire's antitrust law), costs, attorneys' fees. N.H. Rev. Stat. § 356:11. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | eliminated in New Hampshire; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Hampshire; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Hampshire's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.H. Rev. Stat. § 356:2. | |
| **New Jersey**<br><br>N.J. Stat. Ann. § 56:9-3, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.J. Stat. Ann. § 56:9-3 with respect to purchases of Granulated Sugar in New Jersey by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who | Damages (to be trebled as permitted by New Jersey's antitrust law), costs, attorneys' fees. N.J. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | resided in New Jersey at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New Jersey; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Jersey; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Jersey's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.J. Stat. Ann. § 56:9-3. | Stat. Ann. § 56:9-12(a). |
| **New Mexico** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.M. Stat. Ann. § 57-1-3 with | Damages (to be trebled as permitted |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| N.M. Stat. Ann. § 57-1-3, *et seq.* | | respect to purchases of Granulated Sugar in New Mexico by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in New Mexico at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New Mexico; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Mexico; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected New Mexico's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of | by New Mexico's antitrust law), costs, attorneys' fees. N.M. Stat. Ann. § 57-1-3(A). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | relief available under N.M. Stat. Ann. § 57-1-3. | |
| **New York**<br><br>N.Y. Gen. Bus. Law § 340, *et seq*. | Antitrust | Defendants have entered into an unlawful contract, agreement, arrangement, or combination in restraint of trade or commerce in the State of New York in violation of N.Y. Gen. Bus. Law § 340 with respect to purchases of Granulated Sugar in New York by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in New York at the time of their purchase.<br>a. Under N.Y. Gen. Bus. Law § 340(6), indirect purchasers have standing to maintain an action based on the facts alleged in this Complaint.<br><br>b. Defendants' unlawful contract, agreement, arrangement, or combination had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New York; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New York; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members | Damages (to be trebled as permitted by New York's antitrust law), costs, attorneys' fees. N.Y. Gen. Bus. Law § 340(5). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>c. During the Class Period, Defendants' illegal conduct substantially affected New York's commerce.<br>d. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>e. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.Y. Gen. Bus. Law § 340. | |
| **North Carolina**<br><br>N.C. Gen. Stat. § 75-1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.C. Gen. Stat. § 75-1 with respect to purchases of Granulated Sugar in North Carolina by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in North Carolina at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in North Carolina; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, | Damages (to be trebled as permitted by North Carolina's antitrust law), costs, attorneys' fees. N.C. Gen. Stat. §§ 75-16, 16.1 |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout North Carolina; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected North Carolina's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.C. Gen. Stat. § 75-1. | |
| **North Dakota**<br><br>N.D. Cent. Code § 51-08.1-02, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of N.D. Cent. Code § 51-08.1-02 with respect to purchases of Granulated Sugar in North Dakota by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the | Damages (to be trebled as permitted by North Dakota's antitrust law), costs, attorneys' fees. N.D. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class who resided in North Dakota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in North Dakota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout North Dakota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected North Dakota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of | Cent. Code § 51-08.1-08. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | relief available under N.D. Cent. Code § 51-08.1-02. | |
| **Oregon**<br><br>Or. Rev. Stat. § 646.725, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Or. Rev. Stat. § 646.725 with respect to purchases of Granulated Sugar in Oregon by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Oregon at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Oregon; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Oregon; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Oregon's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are | Damages (to be trebled as permitted by Oregon's antitrust law), costs, expert fees, attorneys' fees. Or. Rev. Stat. § 646.780(1)(a), (3)(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Or. Rev. Stat. § 646.725. | |
| **Rhode Island**<br><br>R.I. Gen. Laws § 6-36-4, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of R.I. Gen. Laws § 6-36-4 with respect to purchases of Granulated Sugar in Rhode Island by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Rhode Island at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Rhode Island; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Rhode Island; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Rhode Island's commerce. | Damages (to be trebled as permitted by Rhode Island's antitrust law), costs, expert fees, attorneys' fees. R.I. Gen. Laws § 6-36-11(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under R.I. Gen. Laws § 6-36-4. | |
| **South Dakota**<br><br>S.D. Codified Laws § 37-1-3.1, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of S.D. Codified Laws § 37-1-3.1 with respect to purchases of Granulated Sugar in South Dakota by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in South Dakota at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in South Dakota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout South Dakota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices | Damages (to be trebled as permitted by South Dakota's antitrust law), costs, expert fees, attorneys' fees. S.D. Codified Laws § 37-1-14.3. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected South Dakota's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under S.D. Codified Laws § 37-1-3.1. | |
| **Tennessee**<br><br>Tenn. Code Ann. § 47-25-101, *et seq.* | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Tenn. Code Ann. § 47-25-101 with respect to purchases of Granulated Sugar in Tennessee by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Tennessee at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Tennessee; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Tennessee; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co- | Damages. Tenn. Code Ann. § 47-25-106(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Tennessee's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Tenn. Code Ann. § 47-25-101. | |
| **Utah**<br><br>Utah Code Ann. § 76-10-3104, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Utah Code Ann. § 76-10-3104 with respect to purchases of Granulated Sugar in Utah by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Utah at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Utah; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non- | Damages (to be trebled as permitted by Utah's antitrust law), costs, attorneys' fees. Utah Code Ann. § 76-10-3109. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competitive levels throughout Utah; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Utah's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Utah Code Ann. § 76-10-3104. | |
| **Vermont**<br><br>9 Vermont Stat. Ann. § 2453, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of 9 Vermont Stat. Ann. § 2453 with respect to purchases of Granulated Sugar in Vermont by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in Vermont at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or | Damages, exemplary damages (to be trebled as permitted by Vermont's antitrust law), attorneys' fees. 9 Vermont Stat. Ann. § 2465. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | eliminated in Vermont; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Vermont; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Vermont's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 9 Vermont Stat. Ann. § 2453. | |
| **West Virginia**<br><br>W. Va. Code § 47-18-3, *et seq*. | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of W. Va. Code § 47-18-3 with respect to purchases of Granulated Sugar in West Virginia by members of the Damages Class and/or purchases of Granulated Sugar by members of the Damages Class who resided in West Virginia at the time of their purchase. | Damages (to be trebled as permitted by West Virginia's antitrust law), costs, attorneys' fees. W. Va. Code § 47-18-9. |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in West Virginia; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout West Virginia; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected West Virginia's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under W. Va. Code § 47-18-3. | |
| **Wisconsin** | Antitrust | Defendants have entered into an unlawful agreement in restraint of trade in violation of Wis. Stat. § 133.03 with respect to purchases of Granulated Sugar in Wisconsin by | Damages (to be trebled as permitted by Wisconsin's |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Wis. Stat. § 133.03, *et seq.* | | Commercial Indirect Purchaser Plaintiffs and members of the Damages Class and/or purchases of Granulated Sugar by Commercial Indirect Purchaser Plaintiffs and members of the Damages Class who resided in Wisconsin at the time of their purchase.<br>a. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Wisconsin; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Wisconsin; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.<br>b. During the Class Period, Defendants' illegal conduct substantially affected Wisconsin's commerce.<br>c. As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are | antitrust law), costs, attorneys' fees. Wis. Stat. § 133.18(1)(a). |

| State/Territory and Applicable Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | threatened with further injury.<br>d. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Wis. Stat. § 133.03. | |

**Table 3: State-Specific Allegations Supporting Count V Violation of State Consumer Protection Laws**

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Arkansas**<br><br>Ark. Code Ann. § 4-88-107, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair or unconscionable acts or practices in violation of Ark. Code Ann. § 4-88-101.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair or unconscionable acts or practices in violation of Ark. Code Ann. § 4-88-107.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Arkansas; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Arkansas; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Arkansas.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Arkansas commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury. | Damages, attorneys' fees. Ark. Code Ann. § 4-88-107(f). |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Ark. Code Ann. § 4-88-107. | |
| **California**<br><br>Cal. Bus. & Prof. Code § 17200, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unlawful or unfair acts or practices in violation of Cal. Bus. & Prof. Code § 17200.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unlawful or unfair acts or practices in violation of Cal. Bus. & Prof. Code § 17200.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in California; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout California; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in California.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on California commerce. | Restitution, Cal. Bus. & Prof. Code §§ 17203, 17204, attorneys' fees, Cal. Code Civ. P. § 1021.5. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Cal. Bus. & Prof. Code § 17200. | |
| **Florida**<br><br>Fla. Stat. § 501.204, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unconscionable or unfair acts or practices in violation of Fla. Stat. § 501.204.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unconscionable or unfair acts or practices in violation of Fla. Stat. § 501.204.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Florida; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Florida; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open | Damages, costs, attorneys' fees. Fla. Stat. § 501.211. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Florida.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Florida commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Fla. Stat. § 501.204. | |
| **Hawaii**<br><br>Haw. Rev. Stat. § 480-2, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of Haw. Rev. Stat. § 480-2.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of Haw. Rev. Stat. § 480-2.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Hawaii; (2) Prices for Granulated Sugar | Damages (to be trebled as permitted by Hawaii's consumer protection statute), costs, attorneys' fees. Haw. Rev. Stat. Ann. § 480-13. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Hawaii; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Hawaii.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Hawaii commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Haw. Rev. Stat. § 480-2. | |
| **Illinois**<br><br>815 Ill. Comp. Stat. Ann. 505/2, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of 815 Ill. Comp. Stat. Ann. 505/2.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of 815 Ill. Comp. Stat. Ann. 505/2. | Damages, costs, attorneys' fees. 815 Ill. Comp. Stat. Ann. 505/10a(a), (c). |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Illinois; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Illinois; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Illinois.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Illinois commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 815 Ill. Comp. Stat. Ann. 505/10a. | |
| **Minnesota** | Consumer | Defendants have engaged in unfair methods of competition or | Damages, costs |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| Minn. Stat. § 325F.69, *et seq.* | protection law, which encompasses antitrust claims | unfair or unconscionable acts or practices in violation of Minn. Stat. § 325F.69.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair or unconscionable acts or practices in violation of Minn. Stat. § 325F.69.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Minnesota; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Minnesota; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Minnesota.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Minnesota commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were | (including costs of investigation), attorneys' fees. Minn. Stat. § 8.31, subd. 3. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Minn. Stat. § 325F.69. | |
| **Nebraska**<br><br>Neb. Rev. Stat. § 59-1602, *et seq*. | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of Neb. Rev. Stat. § 59-1602.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of Neb. Rev. Stat. § 59-1602.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nebraska; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Nebraska; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Nebraska. | Damages, costs, attorneys' fees. Neb. Rev. Stat. § 59-1609. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | d. During the Class Period, Defendants' illegal conduct had a substantial effect on Nebraska commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Neb. Rev. Stat. § 59-1602. | |
| **Nevada**<br><br>Nev. Rev. Stat. § 598.0923, *et seq*. | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair or unconscionable acts or practices in violation of Nev. Rev. Stat. § 598.0923.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair or unconscionable acts or practices in violation of Nev. Rev. Stat. § 598.0923.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Nevada; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Nevada; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages | Damages, costs, attorneys' fees. Nev. Rev. Stat. § 41.600.1. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Nevada.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Nevada commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under Nev. Rev. Stat. § 598.0923. | |
| **New Mexico**<br><br>N.M. Stat. Ann. § 57-12-3, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair or unconscionable acts or practices in violation of N.M. Stat. Ann. § 57-12-3.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair or unconscionable acts or practices in violation of N.M. Stat. Ann. § 57-12-3.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in New Mexico; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout New Mexico; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their | Damages (to be trebled as permitted by New Mexico's consumer protection law), costs, attorneys' fees. N.M. Stat. Ann. § 57-12-10. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in New Mexico.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on New Mexico commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.M. Stat. Ann. § 57-12-3. | |
| **North Carolina**<br><br>N.C. Gen. Stat. § 75-1.1, *et seq.* | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of N.C. Gen. Stat. § 75-1.1.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of N.C. Gen. Stat. § 75-1.1.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in North Carolina; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, | Damages (to be trebled as permitted by North Carolina's consumer protection law), costs, attorneys' fees. N.C. Gen. Stat. §§ 75-16, 16.1. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout North Carolina; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in North Carolina.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on North Carolina commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under N.C. Gen. Stat. § 75-1.1. | |
| **South Carolina**<br><br>S.C. Code Ann. § 39-5-20, *et seq*. | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of S.C. Code Ann. § 39-5-20.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of | Damages (to be trebled as permitted by South Carolina's consumer protection law), costs, attorneys' |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | competition or unfair acts or practices in violation of S.C. Code Ann. § 39-5-20.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in South Carolina; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout South Carolina; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in South Carolina.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on South Carolina commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of | fees. S.C. Code Ann. § 39-5-140. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | relief available under S.C. Code Ann. § 39-5-20. | |
| **Vermont**<br><br>9 Vermont Stat. Ann. § 2453, *et seq*. | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of 9 Vermont Stat. Ann. § 2453.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of 9 Vermont Stat. Ann. § 2453.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in Vermont; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout Vermont; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar in Vermont.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on Vermont commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class | Damages, exemplary damages (to be trebled as permitted by Vermont's antitrust law), attorneys' fees. 9 Vermont Stat. Ann. § 2465. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under 9 Vermont Stat. Ann. § 2453. | |
| **West Virginia**<br><br>W.Va. Code § 46A-6-104, *et seq*. | Consumer protection law, which encompasses antitrust claims | Defendants have engaged in unfair methods of competition or unfair acts or practices in violation of W.Va. Code § 46A-6-104.<br>a. Defendants have knowingly entered into an agreement in restraint of trade.<br>b. This conduct constituted unfair methods of competition or unfair acts or practices in violation of W.Va. Code § 46A-6-104.<br>c. Defendants' combination or conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in West Virginia; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout West Virginia; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated | Damages. W.Va. Code § 46A-6-106.<br>Expenses, attorneys' fees. W.Va. Code § 46A-5-104. |

| State/Territory and Statute | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Sugar in West Virginia.<br>d. During the Class Period, Defendants' illegal conduct had a substantial effect on West Virginia commerce.<br>e. As a direct and proximate cause of the Defendants' unlawful conduct, members of the Damages Class were injured in their business and property and are threatened with further injury.<br>f. Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek all forms of relief available under W.Va. Code § 46A-6-104. | |

**Table 4: State-Specific Allegations Supporting Count VI Unjust Enrichment**

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Alabama** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Alabama at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Arkansas** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Arkansas at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class. | |
| **Arizona** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Arizona at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |
| **California** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in California at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |
| **Connecticut** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Connecticut at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Delaware** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Delaware at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **District of Columbia** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in the District of Columbia at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| **Florida** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Florida at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Hawaii** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Hawaii at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | |
| **Illinois** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Illinois at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Iowa** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Iowa at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | |
| **Kansas** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Kansas at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Maine** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Maine at prices that were higher than they would have been but for Defendants' actions. | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |
| **Massachusetts** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Massachusetts at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Michigan** | Equitable | Defendants unlawfully overcharged Commercial Indirect | Restitution, |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Michigan at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | disgorgement, constructive trust. |
| **Minnesota** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Minnesota at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |
| **Mississippi** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Mississippi at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Missouri** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the | Restitution, disgorgement, |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class Period in Missouri at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | constructive trust. |
| **Montana** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Montana at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Nebraska** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the | Restitution, disgorgement, |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | Class Period in Nebraska at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | constructive trust. |
| **Nevada** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Nevada at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **New Jersey** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the | Restitution, disgorgement, |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class Period in New Jersey at prices that were higher than they would have been but for Defendants' actions. Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money. Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar. It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | constructive trust. |
| **New Hampshire** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in New Hampshire at prices that were higher than they would have been but for Defendants' actions. Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money. Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar. It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **New Mexico** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the | Restitution, disgorgement, |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class Period in New Mexico at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | constructive trust. |
| **New York** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in New York at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
| --- | --- | --- | --- |
| | | Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |
| **North Carolina** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in North Carolina at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | Restitution, disgorgement, constructive trust. |
| **North Dakota** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in North Dakota at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |
| **Oregon** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Oregon at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Rhode Island** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Rhode Island at prices that were higher than | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | |
| **South Carolina** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in South Carolina at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class. | |
| **South Dakota** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in South Dakota at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Tennessee** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Tennessee at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class. | |
| **Utah** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Utah at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Vermont** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Vermont at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Damages Class. | |
| **West Virginia** | Equitable | Defendants unlawfully overcharged members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in West Virginia at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of members of the Damages Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating the Damages Class. | Restitution, disgorgement, constructive trust. |
| **Wisconsin** | Equitable | Defendants unlawfully overcharged Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, who made purchases of Granulated Sugar during the Class Period in Mississippi at prices that were higher than they would have been but for Defendants' actions.<br>Defendants received money from Commercial Indirect Purchaser Plaintiffs and members of the Damages Class as a direct result of the unlawful overcharges, and Defendants have inequitably retained this money.<br>Defendants have benefitted at the expense of Commercial Indirect Purchaser Plaintiffs and members of the Damages | Restitution, disgorgement, constructive trust. |

| State/Territory | Type of Claim | Supporting Allegations | Relief Sought |
|---|---|---|---|
| | | Class from revenue resulting from unlawful and inequitable overcharges for Granulated Sugar.<br>It is inequitable and unjustifiable for Defendants to accept and retain the benefits received without compensating Commercial Indirect Purchaser Plaintiffs and the Damages Class. | |